IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


ALBEMARLE CORPORATION                                          PLAINTIFF


VS.                                        CASE NO. 05-CV-1015


A. O. SMITH CORPORATION; VARCO
INTERNATIONAL, INC.; TVI HOLDINGS
L.L.C.; FIBER GLASS SYSTEMS, L.P.;
and STAR FIBER GLASS                                          DEFENDANTS


## ORDER

Before the Court is a Motion to Dismiss or, alternatively, a Motion to Transfer filed on

behalf of Defendants Varco International, Inc., TVI Holdings, L.L.C.,.and Fiber Glass Systems

doing business as Star Fiberglass.  (Doc. No. 11).  The Plaintiff Albemarle Corporation has

responded.  (Doc. No. 23).  Defendant A. O. Smith Corporation has also responded to the

motion.[1]  (Doc. No. 25). The Defendants have filed a reply to Plaintiff's response.  (Doc. No.

26).  The matter is ripe for consideration.

## BACKGROUND

Albemarle is engaged in the business of extracting brine from subsurface deposits

located in Columbia and Union Counties, Arkansas.  Bromide ions are removed from the brine

at Albemarle's Columbia County manufacturing facilities.  The remaining "tail brine" is then

---

[1]  A. O. Smith seeks to avoid multiple venues for the resolution of the matters raised by
the Plaintiff in this case.  It takes no position with regard to the pending Motion to
Dismiss as long as the Court's rulings do not result in multiple forums.  It also does not
object to the request to transfer the case to the U.S. District Court for the Southern
District of Texas–Houston Division, as long as the entire case is transferred.

returned to the subsurface reservoirs through Albemarle's "disposal" wells.

In the 1990's, Albemarle began purchasing downhole tubing ("DHT") for use in its brine disposal wells from Smith Fiberglass Products, a subsidiary/division of A. O. Smith Corporation.[2]   From the beginning, Albemarle experienced leaking and failure problems with the DHT.  A. O. Smith attempted to remedy the problems, but the leakage and failure problems continued.  On December 8, 2000, A. O. Smith sold the assets of Smith Fiberglass Products to Fiber Glass Systems, L.P.  At the time of the acquisition, Albemarle had two pending orders with A. O. Smith for the purchase of DHT.  One order had already been manufactured and shipped prior to the acquisition.  Fiber Glass billed Albemarle $195,861 for that order in January of 2001.  The second order was manufactured by Fiber Glass in February 2001 at its Wichita, Kansas plant.  This order was delivered F.O.B. at Fiber Glass's "dock" and shipped to Albemarle's facility in Magnolia, Arkansas.  Fiber Glass billed Albemarle $179,710 for the order in April of 2001.  In August 2001, Albemarle ordered 4,201 feet of DHT directly from Fiber Glass.  The DHT was again manufactured at Fiber Glass's Wichita, Kansas plant, delivered F.O.B. at their "dock" and shipped to Albemarle in Magnolia, Arkansas.  Fiber Glass billed Albemarle $143,649.99 for the order in September 2001.  Albemarle again experienced leaking and failure problems with the DHT.  Fiber Glass attempted to discover the cause of the DHT's failure by preforming additional tests on the tubing and coming to Magnolia and inspecting the DHT and its failure on site.  Finally in February 2004, Fiber Glass notified

---

[2] In the 1990's, when Albemarle first began purchasing DHT from Smith Fiberglass Products, Smith Fiberglass was a wholly-owned subsidiary of A. O. Smith, Inc.  In 1997, Smith Fiberglass Products was dissolved as a separate entity and was operated as a division of A. O. Smith until it was sold in December of 2000.

Albemarle that the old Smith DHT line was discontinued.  However, Fiber Glass assured

Albemarle that it would continue to provide technical support and field service as well as tie-ins

for these installations.

As a result of the DHT's leaking and failure problems, Albermarle filed this action for

negligence, breach of contract and breach of warranty against the Defendants A. O. Smith

Corporation, Varco International, Inc., TVI Holdings, L.L.C., Fiber Glass Systems, L.P., and

Star Fiber Glass.  Separate Defendant A. O. Smith Corporation ("A. O. Smith") has filed an

Answer to Plaintiff's Complaint.  The remaining Defendants have filed Motions to Dismiss and

Transfer based upon various theories.  Separate Defendants Varco International, Inc. ("Varco")

and TVI Holdings, L.L.C. ("TVI") have moved to dismiss under Rule 12(b)(2) (lack of personal

jurisdiction). Defendants Varco, TVI and Star Fiber Glass ("Star") have moved to dismiss under

Rule 12(b)(6) (failure to state a claim).  Defendants Varco, TVI and Fiber Glass Systems ("Fiber

Glass"), also doing business as Star Fiber Glass, have moved to dismiss pursuant to Rule

12(b)(3) (improper venue).

In its response to Defendants' motions, Plaintiff has agreed to voluntarily dismiss

Separate Defendants Varco and TVI without prejudice based upon their affirmative

representations to Plaintiff concerning their corporate holdings and asset ownership.  It also

appears, and Plaintiff does not dispute, that Star Fiber Glass has no independent identity separate

from Fiber Glass Systems and is only a trade name under which Fiber Glass does business.

Therefore, Defendants Varco, TVI and Star should be dismissed from this case.

The only remaining defendant now before the Court in regards to the pending motion is

Fiber Glass Systems, L.P.  Fiber Glass is continuing to move the Court for an order of dismissal

pursuant to Rule 12(b)(3) (improper venue) or, in the alternative, a transfer pursuant to 28

U.S.C. §1404(a).

DISCUSSION

Albemarle premises venue in this case on 28 U.S.C. §1391 arguing the all or a

substantial part of the events giving rise to its claims occurred in Columbia County, Arkansas.

Fiber Glass Systems contends that a substantial part of the events or omissions giving rise to the

claims pled in Plaintiff's Complaint did not arise in the Western District of Arkansas, but rather

in Kansas. Therefore, venue is improper in this district.

Under 28 U.S.C. §1391, a civil action based upon diversity of citizenship may be brought

in a judicial district where a substantial part of the events or omissions giving rise to the claim

occurred. *See* 28 U.S.C. §1391(a)(2). The Eighth Circuit has stated that, "by referring to 'events

or omissions giving rise to the claim,' Congress meant to require courts to focus on relevant

activities of the defendant, not of the plaintiff." *Woodke v. Dahn,* 70 F.3d 983 (8th Cir. 1995).

To determine whether venue is proper, a court does not ask which district among potential

forums is the best venue. *Pecoraro v. Sky Ranch for Boys, Inc.,* 340 F.3d 558, 562 (8th Cir.

2003); *Setco Enterprises Corp. v. Robbins,* 19 F.3d 1278, 1281 (8th Cir. 1994). Instead, a court

asks whether the district selected by the plaintiff had a substantial connection to the Plaintiff's

claims, without regard to whether other forums had greater contacts. *Pecoraro,* 340 F.3d at 562;

*Setco Enters.,* 19 F.3d at 1281.

Plainitiff Albemarle's claims in this lawsuit are based upon the failure of the DHT

purchased from A. O. Smith and Fiber Glass Systems and installed in Albemarle's disposal

wells in Union and Columbia Counties, Arkansas. Reviewing the record, it is apparent that the

4

DHT purchased from Fiber Glass was manufactured by Fiber Glass in Wichita, Kansas. However, Fiber Glass's connection with the subject DHT and its failure did not end at the Kansas border. Viewed in the light most favorable to Albemarle, the record reveals that Fiber Glass made contact with Albemarle in Magnolia in hopes that it would purchase tubing from Fiber Glass, including the subject DHT. Albemarle's purchase order for the DHT was submitted from Magnolia and the DHT was shipped to its facility in Magnolia. After the tubing was shipped to Arkansas, Fiber Glass performed field service and tie-ins in Magnolia in connection with the subject DHT. When the DHT developed leaks and failure problems, Fiber Glass's representatives did on site inspections of the failures and meet with Albemarle employees in Magnolia concerning the problems Albemarle was experiencing with the tubing. A substantial part of Fiber Glass's activities in connection with the subject DHT took place within this district. That is not to say that there may be other forums that have as great or greater contacts with Albemarles's claims but that is not the standard which this Court must apply. The question that must be answered in the context of whether venue is proper is whether this district has a substantial connection to the claims that Albemarle has asserted against Fiber Glass. The Court believes that the answer to that question is yes. Therefore, venue is proper here. Accordingly, the Court denies Defendant Fiber Glass Systems, Inc.'s Motion to Dismiss insofar as Defendant asserts that venue is improper.

Defendant moves in the alternative to transfer the action to the United States District Court in the Southern District of Texas–Houston Division pursuant to 28 U.S.C. §1404(a). Section 1404(a) assumes that venue is proper in the court where the action was initially filed, and the court has jurisdiction over the person of the defendant. *Knowlton v. Allied Van Lines,*

*Inc.,* 900 F.2d 1196, 1201 (8ᵗʰ Cir. 1990). "Change of venue, although within the discretion of the district court, should not be freely granted. Courts are in the business of deciding cases, not playing procedural hockey among available districts at the whim of dissatisfied parties." *DakColl, Inc. v. Grand Central Graphics, Inc.,* 352 F.Supp.2d 990, 1002 (D.N.D. 2005)(*citing In re Nine Mile Ltd.,* 692 F.2d 56, 61 (8ᵗʰ Cir. 1982) *overruled on other grounds, Missouri Housing Development Com'n v. Brice,* 919 F.2d 1306, 1311 (8ᵗʰ Cir. 1990)). Section 1404(a) authorizes transfer, in such cases, in the interest of justice and for the convenience of the parties and witnesses. 28 U.S.C. §1404(a). In deciding whether to transfer a civil action to another district or division, a court is statutorily required to balance three factors: 1) the convenience of the parties, 2) the convenience of the witnesses and 3) the interests of justice. However, the evaluation of a transfer motion is not limited to these three factors, but instead, "such determinations require case-by-case evaluation of particular circumstances at hand and consideration of all relevant factors." *Terra Int'l, Inc. v. Mississippi Chemical Corp.,* 119 F.3d 688, 695 (8ᵗʰ Cir. 1997), *cert. denied,* 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997).

The Court notes that regardless of where an action is venued, one of the parties will claim to be inconvenienced and placed at a disadvantage at trial. *DakColl,* 352 F.Supp.2d at 1002. However, in this case, Fiber Glass does not make such a claim. It does not argue that it will be inconvenienced by litigating the action in this district or that this venue poses an inconvenience to its potential witnesses. It simply states that its corporate headquarters are in Houston, Texas, therefore, the case should be transferred to the Southern District of Texas–Houston Division. This is not enough to warrant a transfer under §1404(a). Albemarle's facilities are located in this district. The subject DHT was installed in disposal wells which are

located in this district.  Albemarle's representatives and employee witnesses are located in this district along with the documents and materials relevant to the litigation. The Court finds that the convenience of the parties and witnesses weighs in favor of venue in Arkansas.

In evaluating whether a case should be transferred in the "interest of justice," a court should consider: 1) the judicial economy, 2) the plaintiff's choice of forum, 3) the comparative costs to the parties of litigating in each forum, 4) each parties' ability to enforce a judgment, 5) obstacles to a fair trial, 6) conflict of law issues, and 7) the advantages of having a local court determine questions of local law.  *Terra,* 119 F.3d at 696.  In applying these "interest of justice" factors, the Court finds that they weigh in favor of retaining venue in Arkansas.  Fiber Glass has failed to show how any of these factors weigh in favor of the case being transferred to the Southern District of Texas.  Therefore, the Court declines to transfer this case.

CONCLUSION

Based upon the foregoing, the Court finds that the Defendants' Motion to Dismiss should be and hereby is **granted in part** and **denied in part.**  Plaintiff Albemarle Corporation's claims against Separate Defendants Varco International, Inc., TVI Holdings, L.L.C. and Star Fiberglass should be and hereby are dismissed.  The claims against Separate Defendant Fiber Glass Systems, L.P. remain. The Court finds that venue is proper in the Western District of Arkansas and **denies** Defendant's Motion to Transfer this case to the Southern District of Texas.

IT IS SO ORDERED, this 1st day of November, 2005.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge